IN THE UNITED STATES DISTRICT COURTS FOR
THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

Mariana Balderrama
  Plaintiff,
v.                Cause No. 3:25-cv-00214-KC

Deployed Services, LLC,
  Defendant.

<u>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND TO STAY ALL DISCOVERY AND PRETRIAL DEADLINES PENDING A RULING ON ITS MOTION TO COMPEL ARBITRATION AND REQUEST FOR EXPEDITED CONSIDERATION</u>

TO THE HONORABLE COURT:

  Plaintiff Mariana Balderrama now files this Response in Opposition to Defendant's above-referenced Motion (ECF No. 14), respectfully showing as follows:

I. RELEVANT PROCEDURAL BACKGROUND

  On July 28, 2025, Defendant filed a "Motion to Compel Arbitration" ECF No. 4. Plaintiff then filed a response to that motion, ECF No. 5, a motion to strike evidence attached to Defendant's reply in support of its motion to comply, ECF No. 7, and a surreply to Defendant's Motion to Compel Arbitration. ECF No. 10.

  On Friday, September 26, the parties submitted their Report of Parties' Planning Meeting. ECF No. 11. This Court issued its Scheduling Order the following Monday, setting, *inter alia*, the discovery deadline for March 30, 2026. ECF No. 12. Plaintiff elected to make efficient use of the discovery period ordered by this Court and served its discovery requests on September 29, 2025.

II. THE COURT HAS ALREADY EXERCISED ITS DISCRETION TO PERMIT THE PARTIES TO PROCEED WITH DISCOVERY IN ORDER TO MEET ITS PRETRIAL DEADLINES, AND NO GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER.

Page 1 of 8

Under the Federal Arbitration Act, a court that grants a motion to compel arbitration must "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. §3, *Smith v. Spizzirri*, 601 U.S. 472, 476-477 (2024). Even if A ruling in Defendant's favor will not dispose of this case or rid Defendant of Plaintiff's claims against it. Rather, the proceedings would merely be stayed in this court, and discovery would proceed in arbitration. *See, e.g., James J. Flanagan Shipping Corp. v. Port of Beaumont of Jefferson Cnty.*, Texas, No. 1:20-CV-191, 2020 WL 4365595, at *2 (E.D. Tex. July 29, 2020) ("[U]nless the court dismisses all of their claims, a stay of discovery is unlikely to improve efficiency with respect to the volume or focus of discovery. Under the circumstances, the court is not persuaded that there is good cause to stay discovery in this case.").

Discovery will happen in this case, whether in federal court or arbitration, and delaying the inevitable is neither an efficient use of the parties' time nor does it demonstrate "good cause" to set aside this Court's scheduling order. Fed. R. Civ. P. 26(c); *Gardner v. Gary Sinise Found.*, No. 4:23-CV-99-SDJ, 2023 WL 5987397, at *1 (E.D. Tex. June 5, 2023) ("[A]s courts in this circuit have often explained, a discovery stay is "the exception rather than the rule." *James J. Flanagan Shipping Corp.*, 2020 WL 4365595, at *1 (quoting *Yeti Coolers, LLC v. Magnum Solace*, LLC, No. 1:16-CV-663-RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016)).").

Even in the context of a 12(b)(6) motion, the granting of which may dispose with finality the case at issue, Courts are reticent to grant motions to stay discovery.

> While, in theory, a court may find good cause to stay discovery when there is a pending 12(b)(6) motion, in practice **such stays are very rare,** and almost never wise. *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, 2008 WL 2930482, at * 1 (N.D. Tex. July 23, 2008) (such stays are "the exception rather than the rule"); *Von Drake v. Nat'l Broad. Co.*, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) ("While discovery may be stayed pending the outcome of a motion to dismiss, 'the issuance of stay is by no means automatic.' "). As one district judge has noted,

> "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

*YETI Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-CV-663 RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016). Here, Defendant has demonstrated no "good cause" to stay discovery that this Court has already ordered the parties to complete by March 20, 2026, because the discovery will occur whether or not the Court orders the parties to arbitration. *See* Fed. R. Civ. P. 26(c).

III. A STAY, SOUGHT BY DEFENDANT 87 DAYS AFTER IT FILED ITS MOTION SEEKING ARBITRATION, WOULD PREJUDICE PLAINTIFF BY INFRINGING UPON PLAINTIFF'S RIGHT TO LITIGATE BY DELAYING THESE PROCEEDINGS FOR AN INDEFINITE DURATION.

Defendant filed its motion seeking arbitration on July 28. ECF No. 4. Since that time, Defendant participated in a Rule 26(f) conference where it suggested its own pretrial deadlines, ECF No. 11 at pp. 8-9, and has sat by idly since the Court issued its scheduling order on September 29. ECF No. 16. Satisfied that the Defendant would engage in discovery during this time as evidenced by its inaction in filing a motion to stay the deadlines, Plaintiff drafted and propounded its discovery requests upon Defendant. Defendant's failure to seek a stay before participating in the Rule 26(f) conference and receiving this Court's scheduling order, and waiting until *after* the Plaintiff served its discovery requests to seek a stay has prejudiced the Plaintiff. *See, e.g., YETI Coolers, LLC, supra.* at *1. ("Indeed, all that its motion has accomplished is an increase in the costs to the parties."). Instead of endeavoring to respond to Plaintiff's discovery requests,

Defendant bided its time in seeking court intervention and now desires an expedited review of this matter owing only to their own dilatory conduct.[1]

Defendant seeks to invoke this Court's "inherent power" to stay discovery pending resolution of its arbitration motion. ECF No. 19 at 3 (*citing Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir. 1987). However, "[o]nly where there is something close to genuine necessity should a district court grant a discretionary stay based on its inherent power to do so and only to the extent that other litigants are not unduly prejudiced." *Grant v. Houser*, 799 F. Supp. 2d 673, 675 (E.D. La. 2011) (internal quotation marks omitted). Here, Plaintiff has already expended time and resources propounding discovery requests such that it would be prejudiced by a stay, requested only at the 11th hour by Defendant. In *Grant,* the court noted that

> Defendants argue that the Plaintiffs will not be prejudiced were this Court to grant a stay because this proceeding is still in its infancy. Although this proceeding is at an early stage, this Court cannot ignore the fact that Plaintiffs are entitled to the right to litigate and redress their grievances. Unlike the possibility that Defendants would suffer their loss of the right to arbitrate, a stay directly infringes on Plaintiffs' right to litigate by delaying these proceedings for an indefinite duration.

---

[1] Despite receiving Plaintiff's discovery requests on September 29, Defendant's counsel Leanne Thoreson waited just over 2 weeks, until October 14, to seek an extension of their time to respond. Defendant also failed to seek a stay of the deadlines until 87 days after filing its motion to compel arbitration. The tight timelines creating Defendant's need for "expedited review" — so Defendant can avoid having to respond to discovery requests by October 29 — are a monster of Defendant's own making. In the interests of collegiality, counsel for Plaintiff is typically generous with extensions to respond to discovery requests. Here, however, Defendant sought the extension not for more time to gather documents and draft answers, but to bide its time in hopes that the Court would grant its motion to compel arbitration before the discovery responses came due. By conditioning agreement to an extension on Defendant *not* filing a motion to stay discovery, Plaintiff sought to ensure that Defendant actually intended on responding to the discovery requests in two weeks. As demonstrated by Defendant's motion seeking expedited relief, Defendant's request to Plaintiff for an extension was simply a Trojan horse to gain Plaintiff's acquiescence to a *de facto* a stay of the discovery period altogether. Here, and in other proceedings (as helpfully noted by Defendant in its own footnote, ECF No. 14 at 3 n. 1), counsel for Plaintiff zealously advocates in favor of the "right to litigate" by opposing the "delay[] [of] these proceedings for an indefinite duration." *See Grant v. Houser,* 799 F. Supp. 2d 673, 675 (E.D. La. 2011).

799 F. Supp. 2d at 679 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (noting that a court abuses its discretionary power when it grants "a stay of indefinite duration in the absence of a pressing need"). As held by the court in *Grant*, the Plaintiff has an affirmative right to litigate, one that is infringed by indefinite delays granted in the absence of a pressing need. *See id.*

Defendant's long delay in seeking this stay demonstrates the "absence of a pressing need" as Defendant could have sought this stay months ago, immediately upon filing its motion seeking arbitration, before suggesting pretrial deadlines of its own, and before Plaintiff expended time and resources propounding its discovery requests. Should Defendant argue that Plaintiff's discovery requests created this "pressing need," Defendant has only itself to blame for apparently assuming that Plaintiff would sit idly by, as did Defendant, and allow the discovery period to slip away given the Court's order that discovery be completed by March 20, 2026. ECF No. 12.

IV. PRAYER

Wherefore, premises considered, the Plaintiff respectfully requests that this Honorable Court **DENY** Defendant's Motion, ECF No. 14, because

1. The Court has already exercised its discretion, even after Defendant filed its motion seeking arbitration, to order the parties to complete discovery by a quickly approaching date certain;

2. Defendant failed to timely seek a stay of the pretrial deadlines, only filing its motion *after* Plaintiff expended time and resources propounding its discovery requests; and

3. A stay prejudices Plaintiff by "infringing on Plaintiff's right to litigate by delaying these proceedings for an indefinite duration." *Grant,* 799 F. Supp. 2d at 679 (citing *Landis*, 299 U.S. at 255).

**SIGNED** on October 23, 2025.

Respectfully submitted,

**CHAVEZ LAW FIRM**

                2101 Stanton Street
                El Paso, Texas 79902
                (915) 351-7772

By:    /s/Michael M. Osterberg_____
       **Enrique Chavez, Jr.**
       TX Bar No.: 24001873
       enriquechavezjr@chavezlawpc.com
       **Michael R. Anderson**
       TX Bar No.: 24087103
       manderson@chavezlawpc.com
       **Michael M. Osterberg**
       TX Bar No. 24108991
       mikeosterberg@chavezlawpc.com
       *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

On October 23, 2025, I certify that the foregoing instrument was served on the following attorneys of record by electronic means:

Bradley - Fountain Place
1445 Ross Avenue Suite 3600,Dallas, Texas   75202
214-257-9827, fax 214-939-8787
Jennifer M. Trulock jtrulock@bradley.com
Leanne Thoreson lthoreson@bradley.com

                                                _/s/Michael M. Osterberg _____
                                                Michael M. Osterberg

IN THE UNITED STATES DISTRICT COURTS FOR
THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

Mariana Balderrama
 Plaintiff,
v.               Cause No. 3:25-cv-00214-KC

Deployed Services, LLC,
 Defendant.

### **ORDER**

On this day, the Court considered Defendant's Motion for Protective Order and to Stay All Discovery and Pretrial Deadlines Pending a Ruling on its Motion to Dismiss and Compel Arbitration. ECF No. 14. It is hereby **ORDERED, ADJUDGED,** and **DECREED** that Defendant's motion is **DENIED**.

So **ORDERED,** signed this _____ day of _____ , _____.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE