IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MARIANA BALDERRAMA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CAUSE NO. EP-25-CV-214-KC |
| § | |
| DEPLOYED SERVICES, LLC, § | |
| § | |
| Defendant. § | |

**ORDER**

On this day, the Court considered Defendant's Motion for Protective Order and to Stay Deadlines ("Motion"), ECF No. 14. Defendant requests that the Court stay discovery pending resolution of its Motion to Compel Arbitration, ECF No. 4. Plaintiff has filed a response opposing the Motion, ECF No. 16, and Defendant has filed a reply, ECF No. 17.

"The Court has 'broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" *See Ramirez v. Equifax Info. Servs., LLC*, No. 24-cv-94, 2024 WL 3259669, at *1 (E.D. Tex. July 1, 2024) (quoting *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011)). Thus, when there are threshold questions of jurisdiction or when "one issue may be determinative of a case," courts have discretion to stay discovery pending resolution of these issues. 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2040 (3d ed. 2024). In granting motions to stay discovery in the context of potentially arbitrable disputes, courts have reasoned that doing so enables parties to realize the benefits of arbitration, which include "less intrusive discovery." *See Ramirez*, 2024 WL 3259669, at *2.

Here, Defendant moves to compel arbitration by arguing that Plaintiff signed a mutual agreement to arbitrate claims at the commencement of her employment with Defendant. Mot. 2. Defendant argues "[g]ood cause exists to stay discovery because [the] pending Motion to Compel Arbitration would 'preclude the need for discovery' in this venue" and Plaintiff has already begun serving discovery requests. *Id.* at 2, 4. Plaintiff's central argument in opposition is that Defendant will have to engage in discovery regardless, whether it be in federal court, or as part of the arbitration proceedings, "and delaying the inevitable is neither an efficient use of the parties' time nor does it demonstrate 'good cause.'" Resp. 2.

However, discovery in arbitration is simply not the same as discovery in federal court, and allowing discovery to proceed here while the motion to compel arbitration is pending would subject Defendant to undue burden and expense, if arbitration is ultimately required. *See Patel v. Regions Bank*, No. 18-cv-796, 2018 WL 6422110, at *2 (M.D. La. Dec. 6, 2018). For this reason, when a motion to compel arbitration is pending, "[c]ourts have demonstrated a proclivity to stay proceedings." *Williams v. Bankers Life & Cas. Co.*, No. 21-cv-293, 2022 WL 187809, at *1 (M.D. La. Jan. 20, 2022) (citations omitted). The Court therefore finds it appropriate to stay the case pending determination of Defendant's Motion to Compel Arbitration.

Accordingly, the Motion, ECF No. 14, is **GRANTED**. The Court **ORDERS** that discovery is **STAYED** pending resolution of Defendant's Motion to Compel Arbitration.

**IT IS FURTHER ORDERED** that all deadlines and proceedings established in the Scheduling Order, ECF No. 12, and Trial Preparation Order, ECF No. 13, are **VACATED**. The Court will enter scheduling and pre-trial deadlines, if necessary, upon resolution of the Motion to Compel Arbitration.

**SO ORDERED.**

SIGNED this 24th day of October, 2025.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE