UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MARIANA BALDERRAMA**, | § § § | |
| *Plaintiff*, | § | |
| v. | § | EP-25-CV-00214-KC |
| | § § | |
| **DEPLOYED SERVICES, LLC,** | § § | |
| *Defendant*. | § | |

## INTERIM ORDER

Presently before the Court is Defendant's "Motion to Compel Arbitration of Plaintiff's Claims" (ECF No. 4), which has been referred to the undersigned Magistrate Judge. Having carefully reviewed the parties' briefs and the attachments thereto, the Court will require the parties to submit their responses to the Court's questions in Part A (Defendant) and Part B (Plaintiff) of this Order and consistent with the general instructions set forth below.

## GENERAL INSTRUCTIONS

**Responses:** The parties must provide their responses to the Court's questions in an affidavit or declaration under 28 U.S.C. § 1746 of a competent employee of Defendant and Plaintiff herself, respectively; an attorney statement or declaration will not be considered. Where a question instructs a party to submit documents, such documents must be properly authenticated; if, however, the party does not have such documents in the party's possession, custody, or control, the party must state so in the affidavit or declaration.

**Supplemental Briefs:** Each party will have an opportunity to make any arguments addressing the other party's responses to the Court's questions in a separately filed supplemental brief.

\* \* \* \*

**PART A:  DEFENDANT SHALL RESPOND TO THE FOLLOWING QUESTIONS**

**QUESTION No. D1:** Tod Stephens testifies that "Deployed Services provided Ms. Balderrama a copy of the [Mutual] Agreement [to Arbitrate Claims]."[1]  On what date did Defendant provide the copy of the agreement?  State whether Defendant provided the copy of the agreement via an email, by hand delivery, or by another means.  Defendant SHALL SUBMIT documentary evidence such as a delivery email, hand delivery acknowledgment, etc., that shows that Defendant provided the copy of the agreement to Plaintiff.

**QUESTION No. D2**: Natalie Stark testifies that "After providing Ms. Balderrama with an offer of employment, on August 14, 2024, Deployed Services sent an onboarding packet electronically to Marianna Balderrama via her personal Gmail address."[2]  Defendant SHALL SUBMIT a copy of the email sent to Plaintiff.

**QUESTION No. D3**: Stark testifies that "Ms. Balderrama provided her email address as her User Name in the user profile she created when she first applied for work with Deployed Services."[3]

**(a)** On what date did Plaintiff first apply for work with Defendant?

**(b)** Based on Defendant's records, did Plaintiff apply for work and create the username electronically (e.g., online or accessing a platform using a computer)?  If so, state whether Plaintiff applied for work and created the username remotely or on a computer in Defendant's office.  If not, state the place and method of Plaintiff's submission of her application for work and creation of the username.

---

[1] Stephens Aff. at ¶ 8, ECF No. 4-1.

[2] Stark Declr. at ¶ 6, ECF No. 6-1.

[3] *Id.*

**(c)** Describe generally the application and username creation processes for Defendant's new hires.

Defendant SHALL SUBMIT documentary evidence (electronic or otherwise) that supports its responses to Subparts **(a)** and **(b)** of **QUESTION No. D3**.

**QUESTION No. D4:** Plaintiff testifies that "when Deployed Services, LLC had me electronically sign documents for the onboarding process, Deployed Services had me electronically sign the documents *on a computer in Deployed Services's office*."[4] State whether Defendant disputes this testimony and if so, Defendant SHALL EXPLAIN FULLY in what respects it disputes the testimony. Defendant SHALL SUBMIT documentary evidence (electronic or otherwise) that supports its disputes as to this testimony.

\* \* \* \*

**PART B: PLAINTIFF SHALL RESPOND TO THE FOLLOWING QUESTIONS**

**QUESTION No. P1:** Does Plaintiff dispute Stark's testimony in Paragraph No. 6 of Stark's declaration that "Ms. Balderrama provided her email address as her User Name in the user profile she created when she first applied for work with Deployed Services" and that "Ms. Balderrama could only access the onboarding packet by logging in to Deployed Services' system using the profile that she created"?[5] If Plaintiff disputes this testimony, Plaintiff SHALL EXPLAIN FULLY in what respects she disputes it.

**QUESTION No. P2: On or before August 16, 2024**, did Plaintiff share with Defendant or anyone else her username and password for accessing her user profile or account with Defendant's system for the onboarding process **or** otherwise gave Defendant or anyone else

---

[4] Balderrama Aff. at ¶ 6 (bold italics added), ECF No. 5-1.

[5] Stark Decl. at ¶ 6.

access to her user profile or account with Defendant's system for the onboarding process?[6] If yes, Plaintiff SHALL IDENTIFY or DESCRIBE the person with whom she shared her username and password or to whom she gave access to her user profile or account—including stating Plaintiff's relationship to the individual, if the individual is not an employee of Defendant.

**The questions numbered P3-P7 below** relate to Plaintiff's testimony in Paragraph No. 6 of her affidavit. Specifically, Plaintiff testifies:

> . . . But when Deployed Services, LLC had me electronically sign ***documents for the onboarding process***, Deployed Services had me electronically sign the documents ***on a computer in Deployed Services's office***. I did not go to Deployed Services's office on August 16, 2024, and did not sign any documents for Deployed Services, LLC on August 16, 2024.[7]

**QUESTION No. P3:** On or about what date [hereinafter "Date X"] did Plaintiff electronically sign the "documents for the onboarding process" on a computer in Defendant's office?

**QUESTION No. P4:** In what city and state is "Deployed Services's office," as testified to in Paragraph No. 6 of Plaintiff's affidavit, located?

**QUESTION No. P5:** Was the computer ("a computer"), as testified to in Paragraph No. 6 of Plaintiff's affidavit, provided by Defendant or was it Plaintiff's own computer such as a portable computer or smart phone?

**QUESTION No. P6:** What specific "documents for the onboarding process" did Plaintiff electronically sign on a computer in Defendant's office on Date X? Describe what each signed document was about and state, if Plaintiff can recall, the title of the document.

---

[6] In its reply brief, Defendant states that "Plaintiff would still have needed to input her Deployed Services login, and Plaintiff does not claim that she provided this information to Defendant, or anyone else, in August 2024." Def.'s Reply in Supp. of Its Mot. to Compel at 6–7, ECF No. 6.

[7] Balderrama Aff. at ¶ 6 (bold italics added).

**QUESTION No. P7:** For **each** of the "documents for the onboarding process" that Plaintiff signed on a computer in Defendant's office on Date X, Plaintiff SHALL SUBMIT a copy of the document's (a) title or cover page and (b) signature page bearing her signature and the date of her signature.

**The questions numbered P8-P9 below** relate to Plaintiff's testimony in Paragraph No. 8 of her affidavit.  Specifically, Plaintiff testifies that after she began working for Defendant on September 15, 2024, she and other employees "electronically sign[ed] additional documents," that "[t]he electronic documents were mostly documents confirming I watched orientation and training videos," and that "[d]uring the signing process, the supervisors told us that we were to get back to work, and instructed us to *hand our phones to the supervisors*, and *give the supervisors our usernames and passwords*, so the supervisors could complete the paperwork for us."[8]

**QUESTION No. P8:** Describe the user profile or account to which Plaintiff's username and password mentioned in Paragraph No. 8 of her affidavit provided access.  State whether this user profile or account is the same as or different from the user profile or account that Plaintiff used to complete and sign the "documents for the onboarding process" on a computer in Defendant's office as testified to in Paragraph No. 6 of Plaintiff's affidavit.

**QUESTION No. P9:** State the relevance of Plaintiff's handing over her phone to the supervisors and her giving her username and password to the supervisors.  In other words, what is the factually significant connection between these two actions?

---

[8] Balderrama Aff. at ¶ 8 (bold italics added).

- 6 -

## CONCLUSION

Accordingly, **IT IS ORDERED** that **by January 6, 2026,** Defendant **SHALL FILE** its responses to the Court's questions in Part A of this Order.

**IT IS FURTHER ORDERED** that **by January 6, 2026,** Plaintiff **SHALL FILE** its responses to the Court's questions in Part B of this Order.

**IT IS FINALLY ORDERED** that **by January 13, 2026,** each party **MAY FILE** a supplemental brief addressing the other party's responses to the Court's questions.

**So ORDERED and SIGNED this  16th  day of December 2025.**

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**