UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

MARIANA BALDERRAMA,
    Plaintiff,
v.    Cause No. 3:25-cv-00214-KC

DEPLOYED SERVICES, LLC,
    Defendant.

## PLAINTIFF'S NOTICE OF FILING AFFIDAVIT TESTIMONY RESPONDING TO THE COURT'S QUESTIONS IN THE COURT'S INTERIM ORDER

TO THE HONORABLE DISTRICT COURT:

Plaintiff Mariana Balderrama now submits to the Court this Notice attaching Plaintiff's affidavit testimony answering the questions the Court presented to Plaintiff in the Court's "Interim Order", Ecf 19.

SIGNED on January 6, 2026.

                                      Respectfully submitted,

                                      **Chavez Law Firm**
                                      2101 N. Stanton Street
                                      El Paso, Texas 79902
                                      (915) 351-7772

By:   */s/ Michael R. Anderson*
                                      Enrique Chavez, Jr., State Bar No. 24001873
                                      enriquechavezjr@chavezlawpc.com
                                      Michael R. Anderson, State Bar No. 24087103
                                      manderson@chavezlawpc.com
                                      Michael M. Osterberg, State Bar No. 24108991
                                      mikeosterberg@chavezlawpc.com
                                      *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The foregoing instrument was e-filed and e-served on all counsel through the Court's efiling system. Accordingly, the Federal Rules of Civil Procedure do not require a Certificate of Service. Fed. R. Civ. P. 5(d)(1)(B) ("No certificate of service is required when a paper is served by filing it with the court's electronic-filing system.").

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

MARIANA BALDERRAMA,
    Plaintiff,

v.                                          Cause No. 3:25-cv-00214-KC

DEPLOYED SERVICES, LLC,
    Defendant.

## **AFFIDAVIT OF MARIANA BALDERRAMA**

BEFORE ME, the undersigned authority, personally appeared Mariana Balderrama, being by me duly sworn, deposed as follows:

1. My name is Mariana Balderrama. I am at least 21 years of age, of sound mind, and am capable of making this affidavit. I have personal knowledge of the facts herein stated, which facts are true and correct.

2. I am the plaintiff in the above-referenced case. I have reviewed the Court's "Interim Order", Ecf 19, filed on December 16, 2025, and the questions the Court presented to me. I respond to the Court's questions as follows:

3. **Response to Question No. P1:** I do not dispute this statement. On August 13, 2024, when I applied to Deployed Services, I created a user profile on Deployed Services's computer system using my email address as the username. This profile became a general account which I used during my employment with Deployed Services, including throughout the onboarding process.

4. **Response to Question No. P2:** On or before August 16, 2024, I did not share my username or password with anyone. And, on or before August 16, 2024, I did not give Deployed Services or anyone else access to my user profile or account with Deployed Services. It was not until September 2024 that I gave Deployed Services's supervisors access to my user profile and account, which I discuss in paragraphs 10 and 11 of this

affidavit.

5. **Response to Question No. P3:** I signed the documents for the onboarding process, on a computer in Deployed Services's office, on September 11, 2024.

6. **Response to Question No. P4:** Deployed Services's office where I signed the documents was located in El Paso, Texas, and specifically located at 16 Concord, El Paso, Texas 79906.

7. **Response to Question No. P5:** The computer I used to sign the onboarding documents on September 11, 2024 was a computer provided by Deployed Services, at Deployed Services's facility.

8. **Response to Question No. P6:** I do not recall the title of the documents I signed during the onboarding process. I do recall that the documents requested my employment history, my education history, and a list of prior addresses where I had lived, as well as disclosing whether I have or previously had a disability.

9. **Response to Question No. P7:** Deployed Services did not provide me with copies of any of the documents I signed. I do not have a copy of either the (a) title or cover page, or (b) the signature page of any of the documents because Deployed Services did not provide me with copies of any of the documents.

10. **Response to Question No. P8:** The user profile or account accessed by the username and password mentioned in Paragraph No. 8 of my August 7, 2025 affidavit is the same profile and account I used to complete the onboarding process. It was a general account which I created on August 13, 2024 and used during my employment with Deployed Services, including throughout the onboarding process. A supervisor instructed me to deliver my phone to the supervisors by placing the phone in an area where the supervisors would access it. I was told to give the supervisors the

password to my phone, and to leave on the phone, logged in and open, the user profile or account I set up with Deployed Services. Although to my knowledge the supervisors did not know my password to my Deployed Services user profile or account, the supervisors did not need to know the password to access my user profile or account because I was instructed to give the supervisors the password to my phone, and leave my Deployed user profile or account logged in and open on the phone so the supervisors would have access to it.

I do want to add that in my August 7, 2025 affidavit, I testified that this incident occurred on September 15, 2024. September 15, 2024 was the first day I began working at Deployed Services after completing the onboarding process. I recall that this incident where I handed my phone over to the supervisors occurred about two weeks afterward.

11. **Response to Question No. P9:** The supervisors instructed me to give the supervisors the password to my phone, and to leave on the phone, logged in and open, the user profile or account I set up with Deployed Services. And I did as instructed. The significance of this is that the supervisors had the password to access my phone, and the supervisors could freely access my Deployed Services user profile or account because the user profile or account was logged in and open on the phone. This Deployed Services user profile or account was a general account which I used during my employment with Deployed Services, including throughout the onboarding process. The supervisors had unrestricted access to my account with the ability to access any information on the account, or to sign any document. Not only that, but because the supervisors had my phone password, the supervisors had unrestricted access to my entire phone including my email account and text messages. There was

nothing stopping the supervisors from sending, deleting, or marking as received any message on my phone.

Further Affiant Sayeth Naught.

_____
MARIANA BALDERRAMA

Subscribed and Sworn to BEFORE ME, the undersigned authority, on this the 19th day of December 2025.

_____ Ana L. Cordova
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

My commission expires: 11-06-2029

ANA L. CORDOVA
Notary Public, State of Texas
Comm. Expires 11-06-2029
Notary ID 135535248